# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **DONYAEL HENRY,** | ) |
| Plaintiff, | ) |
| v. | ) No.: 2:15-cv-02641-STA-tmp |
| **MEMPHIS-SHELBY COUNTY AIRPORT AUTHORITY, MEMPHIS INTERNATIONAL AIRPORT POLICE DEPARTMENT, and LT. KENDRICK JONES,** | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Donyael Henry's Motion to Remand (ECF No. 15) filed on October 26, 2015. Defendants Memphis-Shelby County Airport Authority, Memphis International Airport Police Department, and Lt. Kendrick Jones have response in opposition. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

On February 11, 2015, Plaintiff filed his initial complaint against Defendants in the Circuit Court for Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. Plaintiff alleged for jurisdictional purposes that he was a resident of Mississippi and that Defendants were residents of Tennessee. The Complaint asserted causes of action under Tennessee law for false imprisonment, abuse of process, malicious prosecution, and the intentional and negligent infliction of emotional distress. Plaintiff demanded an award of damages in the amount of $250,000.00. Defendants were served with the initial complaint, and

1

on April 10, 2015, Defendants filed a motion to dismiss the initial complaint or in the alternative a motion for summary judgment. Among other things, Defendants argued that they were cloaked with immunity from Plaintiff's claims pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA"). Plaintiff responded in opposition to Defendants' motion and also filed an Amended Complaint, both on August 27, 2015. In his Amended Complaint, Plaintiff added allegations that if the state court deemed the Airport Authority a state actor, Plaintiff alleged the violation of his constitutional rights in violation of 42 U.S.C. § 1983. Defendants filed their Notice of Removal as to the Amended Complaint on September 28, 2015.

In his Motion to Remand, Plaintiff argues that Defendants have improperly removed his Amended Complaint. According to Plaintiff, Defendants had 30 days from the filing of his initial pleading in which to remove the action. The initial pleading alleged that the citizenship of the parties was diverse and that the amount in controversy exceeded $75,000. Instead of removing the action, Defendants chose to file a dispositive motion, thereby acquiescing to the jurisdiction of the Shelby County Circuit Court. Defendants simply waited too late to remove the action by waiting until Plaintiff had filed his Amended Complaint more than seven months after Plaintiff had initiated his suit. Therefore, the Court should remand the case to state court and award Plaintiff his reasonable attorney's fees.

In their opposition to the Motion to Remand, Defendants argue that removal was procedurally proper. Defendants could not have removed the initial complaint. Plaintiff's opening pleading did not allege any claim presenting a federal question under 28 U.S.C. § 1331. Although the allegations of the initial complaint satisfied the requirements for jurisdiction based on the amount in controversy and diversity of citizenship requirements under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(a)(2) does not permit removal of an action where "any of the parties

2

in interest properly joined and served as defendants is a citizen of the State in which such action is brought." For these reasons the initial complaint was not removable. Furthermore, the Amended Complaint, which alleged a cause of action under 42 U.S.C. § 1983 for the violation of Plaintiff's constitutional rights, presented a federal question on its face. Defendants properly removed the Amended Complaint within 30 days of being served with the new pleading. Therefore, removal was proper under 28 U.S.C. § 1446(b)(3), and the Motion to Remand should be denied.

## STANDARD OF REVIEW

"When a plaintiff files a case in state court that could have been brought in a federal district court, a defendant may invoke the removal statute, 28 U.S.C. § 1441, to secure a federal forum."[1] "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[2] Pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States.[3] The removal statute, found at 28 U.S.C. § 1441(b), provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."[4] Any civil action presenting a claim for the

---

[1] *Jarrett-Cooper v. United Airlines, Inc.*, 586 F. App'x 214, 215 (6th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 83 (2005)).

[2] *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 518 (6th Cir. 2012) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[3] 28 U.S.C. § 1331.

[4] 28 U.S.C. § 1441(b).

deprivation of civil rights under 42 U.S.C. § 1983 presents a federal question.[5]  In the final analysis, it is the removing party's burden to establish the existence of federal jurisdiction.[6]

## ANALYSIS

The issue presented is whether Defendants properly removed Plaintiff's Amended Complaint in September 2015 and can therefore establish the existence of federal jurisdiction. The Court holds that removal of the Amended Complaint was procedurally proper.  Title 28 U.S.C. § 1446 sets forth the procedure for removal and states at § 1446(b)(1) that a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."[7]  Plaintiff's Motion to Remand is premised on the contention that Defendants filed their Notice of Removal outside of the 30-day time limit in § 1446(b)(1).  It is true that Plaintiff filed his initial complaint more than 30 days before Defendant's filed their Notice of Removal.  It is also true that Plaintiff's initial complaint appears to have alleged diversity of citizenship and an amount in controversy exceeding $75,000.00.  However, as Defendants correctly note, the initial complaint was not removable under 28 U.S.C. § 1441(b)(2), which provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the States in which such action is brought."[8]  The Court concludes then

---

[5] *Bartholomew v. Blevins*, 679 F.3d 497, 499 (6th Cir. 2012).

[6] *Nowicki-Hockey v. Bank of Am., N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014).

[7] 28 U.S.C. § 1446(b)(1).

[8] § 1441(b)(2); *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) ("As a preliminary matter, the [defendants] were citizens of Ohio and thus barred from invoking removal jurisdiction on the basis of diversity.").

that Plaintiff's initial complaint was not removable. Therefore, Defendants' Notice of Removal did not run afoul of § 1446(b)(1)'s 30-day time limit for removal.

What is more, Defendants' Notice of Removal as to the Amended Complaint was procedurally proper. Under § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[9] Here Plaintiff filed both his Amended Complaint and his response in opposition to Defendants' motion to dismiss on August 27, 2015. In those filings, Plaintiff asserted for the first time his claim that Defendants' conduct also violated his constitutional rights under 42 U.S.C. § 1983. As such, it was proper for Defendants to remove the Amended Complaint pursuant to 28 U.S.C. § 1446(b)(3).

On November 16, 2015, Plaintiff filed a motion for leave to file a reply brief (ECF No. 21). Although the motion did not include a copy of the proposed reply, Plaintiff states that he would argue in reply that the Airport Authority is not entitled to immunity under the TGTLA and that the question of the Airport Authority's immunity is better left to the Tennessee state court. The Court notes Plaintiff's motion for the record but finds that nothing in Plaintiff's memorandum would alter the Court's conclusions about the propriety of Defendants' removal of the action. At best, Plaintiff seems to argue that the Court should decline to exercise supplemental jurisdiction over the TGTLA claim. However, Plaintiff has not squarely presented that issue in his opening brief, and Defendants have not raised it in their response in opposition. Therefore, the Court need not decide whether the Airport Authority is entitled to immunity under

---

[9] § 1446(b)(3).

the TGTLA in order to decide the Motion to Remand. For the reasons already explained, Plaintiff's Amended Complaint states on its face a claim under 42 U.S.C. § 1983 and therefore presents a federal question over which this Court has original jurisdiction. Therefore, Plaintiff's Motion to Remand is **DENIED**.

## CONCLUSION

Defendants' removal of Plaintiff's Amended Complaint was procedurally correct. Plaintiffs' initial complaint against Defendants was not removable under 28 U.S.C. § 1441(b)(2). Plaintiff's Amended Complaint, however, alleged a claim over which this Court has original jurisdiction. Therefore, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 17, 2015.