IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| DONYAEL HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 15-2641-STA-tmp |
| | ) | |
| MEMPHIS-SHELBY COUNTY AIRPORT | ) | |
| AUTHORITY, MEMPHIS INTERNATIONAL | ) | |
| AIRPORT POLICE DEPARTMENT, | ) | |
| and LT. KENDRICK JONES, | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT
ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT
ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND
REMANDING CASE TO STATE COURT
_____

Before the Court is Plaintiff Donyael Henry' Motion for Leave to Amend Complaint (ECF No. 32) filed on January 21, 2016. Defendants Memphis-Shelby County Airport Authority and Memphis International Airport Police Department ("the airport Defendants") and Defendant Lt. Kendrick Jones have filed separate responses in opposition to Plaintiff's Motion (ECF Nos. 34, 36). For the reasons set forth below, Plaintiff's Motion for Leave to Amend is **GRANTED**. The filing of Plaintiff's Second Amended Complaint renders Defendants' separate Motions to Dismiss the First Amended Complaint (ECF No. 27, 38) moot. As a result, the Motions to Dismiss are **DENIED**. Based on Plaintiff's amendment to drop his claim under 42 U.S.C. § 1983, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims under Tennessee law pursuant to 28 U.S.C. § 1367(c). Therefore, the Court hereby remands this matter to state court.

1

## BACKGROUND

On February 11, 2015, Plaintiff filed his initial complaint against Defendants in the Circuit Court for Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. The Complaint asserted causes of action under Tennessee law for false imprisonment, abuse of process, malicious prosecution, and the intentional and negligent infliction of emotional distress. Plaintiff demanded an award of damages in the amount of $250,000.00. Plaintiff's opening pleadings alleged for jurisdictional purposes that he was a resident of Mississippi and that Defendants were residents of Tennessee. Defendants were served with the initial complaint and on April 10, 2015, filed a joint motion to dismiss for failure to state a claim, or in the alternative a motion for summary judgment. Among other things, Defendants argued that they were cloaked with immunity from Plaintiff's claims sounding in tort pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA").

Plaintiff responded in opposition to Defendants' motion to dismiss TGTLA immunity arguments by filing his First Amended Complaint on August 27, 2015. Plaintiff's First Amended Complaint added alternative claims under 42 U.S.C. § 1983. Specifically, the First Amended Complaint alleged that if Defendants were deemed state actors for purposes of the TGTLA, then Defendants had acted under color of law to deprive Plaintiff of his constitutional rights in violation of 42 U.S.C. § 1983. Based on Plaintiff's new claims for relief under federal law, Defendants filed a Notice of Removal on September 28, 2015. Upon removal, Plaintiff requested a remand of the case for Defendants' failure to follow the procedural requirements of the removal statute. The Court disagreed holding that Plaintiff's initial pleading was not removable under 28 U.S.C. § 1441(b)(2) and that Defendants' removal of the First Amended Complaint was timely.

On December 28, 2015, the airport Defendants filed a Rule 12(b)(6) Motion to Dismiss the First Amended Complaint, including Plaintiff's § 1983 claims. Plaintiff responded in opposition to Defendants' Motion and renewed his motion to remand the case to state court. In conjunction with his opposition to the Motion to Dismiss, Plaintiff also filed a Motion for Leave to Amend his Complaint and proposed what would be his Second Amended Complaint.[1] Plaintiff's proposed amended pleading would eliminate his § 1983 claims and leave only his tort claims under Tennessee law. Plaintiff argues that the Court should freely grant leave to amend, permit him to "non-suit or dismiss" his § 1983 claims, and then remand the original state law tort claims to state court.[2]

Defendants have responded in partial opposition to the Motion for Leave to Amend. Neither the airport Defendants nor Lt. Jones opposes the filing of an amended complaint. All Defendants, however, request that the Court grant the motion to amend with prejudice as to the § 1983 claims so as to preclude Plaintiff from refiling the § 1983 claims at a later time. Defendants argue that Plaintiff amended his complaint once already to add the § 1983 claims and that allowing him to amend again and drop the § 1983 claims is simply Plaintiff's attempt to get his case back to state court. The dismissal of the § 1983 claims without prejudice leaves open the possibility that Plaintiff will reassert the claims, perhaps resulting in the removal of his suit to federal court for a second time. Defendants argue that as a matter of fairness and judicial economy, the Court should only permit Plaintiff to dismiss his § 1983 claims with prejudice.

---

[1] On January 5, 2015, Plaintiff filed a motion to amend the scheduling order deadline for amending the pleadings, in part because Plaintiff wanted additional time to evaluate the airport Defendants' Rule 12(b)(6) Motion. The Court granted Plaintiff's motion and extended the deadline for amending the pleadings to January 21, 2016.

[2] Pl.'s Resp. in Opp'n & Renewed Mot. to Remand 5, ECF No. 35.

The airport Defendants add that the Court should dismiss the § 1983 claim against them for the reasons stated in their Motion to Dismiss. On February 12, 2016, Defendant Jones filed his own Motion to Dismiss the First Amended Complaint, seeking qualified immunity as to the § 1983 claim against him.

## ANALYSIS

**I. Motion for Leave to Amend**

The threshold issue presented is whether Plaintiff should be allowed to file a Second Amended Complaint, removing his civil rights claims under 42 U.S.C. § 1983 but without prejudice to refile the claims at a later time. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend his pleadings only with the opposing party's written consent or the court's leave and "that leave to amend shall be freely given when justice so requires."[3]

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should, as the rules require, be "freely given."[4]

While Defendants argue that the Motion to Amend is in its essence a motion for voluntary dismissal under Rule 41(a), Rule 15(a) provides "the preferred method" for a plaintiff who seeks to abandon fewer than all of his claims against a defendant.[5]

Under Rule 15(a)'s liberal standard for amending the pleadings, the Court finds good cause to grant Plaintiff's Motion for Leave to Amend and permit him to abandon his claims for

---

[3] Fed. R. Civ. P. 15(a).

[4] *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[5] *Baker v. City of Detroit*, 217 F. App'x 491, 496-97 (6th Cir. 2007) (citing *Mgmt. Investors v. United Mine Workers of Am.*, 610 F.2d 384, 394-95 (6th Cir. 1979)); *Raeth v. Nat'l City Bank*, 755 F. Supp. 2d 899, 901 (W.D. Tenn. 2010) (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2362 (3d ed. 2008)).

relief under § 1983.  Plaintiff's proposed amendment will streamline the ultimate issues for trial, simplify the scope of discovery, and essentially return the case to its original posture, a case about common law torts under Tennessee law and Defendants' possible immunity under the TGTLA.  While all of Plaintiffs' claims share a common nucleus of facts, the elements of Plaintiff's tort claims have little in common with the elements of his § 1983 claims.  Furthermore, the § 1983 claims against the airport Defendants have distinct elements and are governed by wholly separate legal standards from the § 1983 claims against Lt. Jones.  Should Plaintiff be denied leave to amend, Plaintiffs' § 1983 claims will remain, Defendants will incur the expense of defending against the claims, and the Court will ultimately have to decide the claims on the merits.  Plaintiff's decision to drop the § 1983 claims at this juncture, early enough in the discovery phase and before the Court has decided the Motions to Dismiss, will clearly conserve the resources of the Court and the parties.   All of these considerations suggest that the Court should freely grant Plaintiff leave to amend.  Therefore, Plaintiff's Motion for Leave to Amend is **GRANTED**.

Defendants argue that the elimination of the § 1983 claims without prejudice to Plaintiff's right to re-file the claims at a later time poses a risk of prejudice to Defendants and suggests a possibility of forum shopping.  According to Defendants, Plaintiff's decision to amend his pleadings yet again is a tactic to get his case back to the Shelby County Circuit Court.[6]  Just as Plaintiff's First Amended Complaint led to the removal of his claims to federal court, his Second Amended Complaint will result in the remand of his claims to state court.  Be that as it may, the Court finds nothing inherently improper about Plaintiff's attempt to get his claims back

---

[6] Plaintiff has gone further and requested that if the Court denies his renewed motion to remand, the Court certify the question of Defendants' immunity under the TGTLA to the Tennessee Supreme Court.  The Court finds it unnecessary to consider this request for relief.

5

before the courts of the state of Tennessee. "It is well established that the plaintiff is master of his complaint and can plead to avoid federal jurisdiction . . . subject to a good faith requirement . . . ."[7] And the Court finds no evidence of bad faith in this instance. Plaintiff raised § 1983 in his First Amended Complaint as an alternative theory of relief and in response to Defendants' argument that as state actors they were entitled to immunity from Plaintiff's tort claims under the TGTLA. Under all of the circumstances, the Court finds no grounds to support Defendants' request that the Court grant Plaintiff leave to amend but with prejudice as to the § 1983 claims.

**II. Motions to Dismiss the First Amended Complaint**

It is well-settled that an amended complaint supersedes the original complaint and renders the initial pleading a nullity.[8] Courts in this Circuit routinely deny as moot motions to dismiss a pleading after a plaintiff subsequently files an amended pleading.[9] In this case Defendants' separate Motions to Dismiss are directed at Plaintiff's First Amended Complaint. In light of the fact that Plaintiff is being granted leave to file a Second Amended Complaint, the First Amended Complaint is, strictly speaking, a nullity. Therefore, Defendants' Motions to Dismiss the First Amended Complaint are **DENIED** as moot.

**III. Remand**

Having granted Plaintiff leave to amend his pleadings and drop his § 1983 claims, only Plaintiff's claims for false imprisonment, abuse of process, malicious prosecution, and the

---

[7] *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (internal punctuation omitted).

[8] *Heyward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citation omitted).

[9] *E.g., Pinks v. Lowe's Home Centers, Inc.*, 83 F. App'x 90 (6th Cir. 2003); *Am. Nat'l Prop. & Cas. Co. v. Stutte*, 298 F.R.D. 376, 380 (E.D. Tenn. 2014); *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 948 (M.D. Tenn. 2012); *Ellis v. Kaye-Kibbey*, 581 F. Supp. 2d 861 (W.D. Mich. 2008).

intentional and negligent infliction of emotional distress under Tennessee law remain. The final issue presented for the Court then is whether the Court should continue to exercise supplemental jurisdiction over these claims or remand them to state court. For the reasons that follow, the Court declines to exercise supplemental jurisdiction over the claims.

As an initial matter, the Court has jurisdiction over these claims only by virtue of 28 U.S.C. § 1367(a), which grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[10] Plaintiff's Tennessee tort claims only came before this Court once Defendants removed Plaintiff's First Amended Complaint with Plaintiff's § 1983 claims. Defendants' Notice of Removal stated that Defendants removed the action from state court on the basis of the § 1983 claims, a cause of action arising under the laws of the United States and providing this Court with federal question jurisdiction under 28 U.S.C. § 1331.[11] Defendants' Notice of Removal did not specifically refer to § 1367(a) as the basis for the Court's jurisdiction over the state law claims. But the supplemental jurisdiction statute at § 1367(a) provided the exclusive means for Defendants to bring Plaintiff's Tennessee tort claims before this Court. Plaintiff's original complaint stating the Tennessee tort claims was not removable to federal court, even though the complaint alleged complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000 and district courts have original jurisdiction over such civil actions pursuant to 28

---

[10] 28 U.S.C. § 1367(a).

[11] 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.").

7

U.S.C. § 1332(a).[12]  As more fully explained in the Court's order denying Plaintiff's motion to remand, 28 U.S.C. § 1441(b)(2) barred the removal of Plaintiff's original complaint and its Tennessee tort claims because Plaintiff initially filed the action in Tennessee and Defendants are citizens of Tennessee.[13]  In sum, the entire record of the case confirms that Plaintiffs' Tennessee tort claims are before this Court pursuant only to 28 U.S.C. § 1367(a).

Having established that the Court obtained jurisdiction over Plaintiff's Tennessee tort claims by virtue of § 1367(a), the Court must next determine whether it should continue to exercise supplemental jurisdiction over the claims.  "With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise."[14]  "[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims."[15]  Still, district courts may decline to exercise supplemental jurisdiction over a related claim if any of the following apply:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

---

[12] § 1332(a) (vesting district courts with original jurisdiction over all civil actions where the matter in controversy exceeds § $75,000 and is between citizens of different states).

[13] § 1441(b)(2) (prohibiting the removal of an action based on diversity jurisdiction under 28 U.S.C. § 1332(a) where any defendant "is a citizen of the State in which such action is brought").  Defendants' opposition to the motion to remand not only emphasized that Defendants removed the case because of the First Amended Complaint's § 1983 claims but denied that they could have removed the Tennessee tort claims sooner based on the apparent diversity of citizenship and the amount in controversy.  Defs.'s Resp. in Opp'n to Mot. to Remand 4 (ECF No. 18).  The Court agreed in denying Plaintiff's motion to remand the case for failure to comply with the procedural requirements of the removal statute.

[14] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

[15] *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (*Campanella v. Commerce Exch. Bank,* 137 F.3d 885, 892 (6th Cir. 1998)).

(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[16]

Even when one of these statutory conditions applies, the district court may nevertheless exercise supplemental jurisdiction over state law claims "if recommended by a careful consideration of factors such as judicial economy, convenience, fairness, and comity."[17] The district court enjoys "broad discretion" in this regard.[18]

Because Plaintiff has been granted leave to file his Second Amended Complaint and eliminate his § 1983 claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims under Tennessee law. The claim that provided grounds for the removal of this action from state court, Plaintiff's civil rights claim under § 1983, no longer remains as an issue between the parties and therefore is no longer before the Court. And the fact that Plaintiff only asserts Tennessee tort claims and Defendants have asserted the TGTLA as a defense to the claims also suggests that the Court should decline to exercise supplemental jurisdiction. The Sixth Circuit has concluded that "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts" and "[t]his unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction" under § 1367(c)(4).[19] Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c), and the Second Amended Complaint is remanded to state court.

---

[16] 28 U.S.C. § 1367(c).

[17] *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

[18] *Phaneuf v. Collins*, 509 F. App'x 427, 434 (6th Cir. 2012) (citing *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1254 (6th Cir. 1996)).

[19] *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).

## CONCLUSION

Plaintiff's Motion for Leave to Amend his pleadings and file a Second Amended Complaint is **GRANTED**. The filing of Plaintiff's amended pleadings renders Defendants' separate Motions to Dismiss to the First Amended Complaint moot. Therefore, the Motions to Dismiss are **DENIED**. Having disposed of Plaintiff's § 1983 claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining tort claims under Tennessee law. The Second Amended Complaint is hereby remanded to the Circuit Court for Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, for all further proceedings.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 28, 2016.